**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THEODORA MEDLEY,

        Petitioner - Appellant,

  v.

JEFF MACOMBER,

        Respondent - Appellee.

No. 24-1908

D.C. No.
5:21-cv-00937-DOC-MAR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 18, 2026[**]
El Centro, California

Before: TALLMAN and OWENS, Circuit Judges, and MONTENEGRO, District
Judge.[***]

      Petitioner Theodora Medley ("Medley") appeals the district court's denial of

her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We have

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]    The Honorable Ruth Bermudez Montenegro, United States District
Judge for the Southern District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 2253(a). As the parties are familiar with the facts, we do not recount them here. We review the district court's findings of fact for clear error. *Frye v. Broomfield*, 115 F.4th 1155, 1161 (9th Cir. 2024) (citation omitted). We review its denial of a habeas petition de novo, but with the significant deference owed state court decisions under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") amendments to § 2254(d). *Id.* Habeas relief may not be granted unless the state trial court (1) unreasonably applied clearly established federal law or (2) unreasonably determined the facts. 28 U.S.C. § 2254(d)(1)–(2). Because Medley has not met either of these "highly deferential standard[s]," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted), we affirm.

The issue presented is whether Medley impliedly waived her right to testify in her own defense as described in *Rock v. Arkansas*, 483 U.S. 44 (1987). Even assuming that Medley exhausted her *Rock* claim and that her petition was entitled to equitable tolling, Medley cannot show that she is entitled to relief under AEDPA.

As a preliminary matter, AEDPA deference applies because the state trial court addressed the merits of Medley's *Rock* claim. *See Pinholster*, 563 U.S. at 181. Where, as here, the California Supreme Court does not reach the merits, the district court looks through to "the last reasoned decision issued by a state court . . .

2                                                                          24-1908

confronting the issue raised by the petitioner." *Hirschfield v. Payne*, 420 F.3d 922, 925 n.2 (9th Cir. 2005). The last reasoned decision here was the state trial court's oral ruling during a colloquy between Medley and the judge. Although the colloquy began as a discussion about ineffective assistance of counsel, it then squarely covered Medley's right to testify. The state trial court found that Medley had waived her right to testify, and that it would be inappropriate to reopen evidence after closing arguments. Therefore, the state trial court reached the merits of Medley's *Rock* claim, and the district court should have applied AEDPA deference. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("[I]t may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Further, Medley cannot show that she is entitled to relief under AEDPA. First, the state trial court did not unreasonably determine facts. It did not "plainly misapprehend or misstate the record," "ignore[ ] evidence that supports [the] petitioner's claim," or otherwise engage in a defective fact-finding process. *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004), *cert. denied*, 543 U.S. 1038 (2004), *overruled on other grounds by Pinholster*, 563 U.S. at 185.

Waiver of the right to testify may be implicit and "presumed from the defendant's failure to testify or notify the court of his desire to do so." *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993) (citation omitted). A defendant

who wishes to reject his counsel's advice and testify may do so "by insisting on testifying, speaking to the court, or discharging his lawyer." *Id.* (citation omitted). "When a defendant is silent in the face of his attorney's decision not to call him as a witness," he impliedly waives his right to testify. *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993) (citation omitted).

The state trial court reasonably found that Medley impliedly waived her right to testify. During trial, as the State neared the end of its case, Medley's counsel indicated that he would confirm with Medley whether she was going to testify. After a short recess, Medley's counsel stated: "when the People rest, it's my intention to rest without calling any witnesses, Your Honor." Shortly thereafter, both sides rested, without calling Medley as a witness. At the close of evidence, Medley did not insist on testifying, speak to the court, or discharge her lawyer. It was only after closing arguments that Medley voiced her desire to testify. It was not objectively unreasonable for the state trial court to find, based on Medley's silence through the close of evidence, that she had impliedly waived her right to testify.

Second, the state trial court did not unreasonably apply clearly established federal law. Clearly established federal law states that "the right to present relevant testimony is not without limitation. The right 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.' But

restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." *Rock*, 483 U.S. at 55–56 (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)).

It was not unreasonable for the state trial court to refuse to reopen evidence after closing arguments for Medley to testify. The "rule generally limiting testimony to the evidence-taking phase of trial is not 'arbitrary or disproportionate to the purposes [it is] designed to serve.'" *United States v. Pino-Noriega*, 189 F.3d 1089, 1095 (9th Cir. 1999) (alteration in original) (quoting *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989)). "'While placing only a minor limitation on the right [to testify], the rule promotes both fairness and order in trials, interests which . . . are crucial to the legitimacy of the trial process.'" *Id.* (first alteration in original). Therefore, the state trial court's decision did not unreasonably apply clearly established federal law. *See Harrington*, 562 U.S. at 103 (an unreasonable application of law must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement").

**AFFIRMED.**